UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN RENNINGER,

      Plaintiff,

v.                                        CASE NO:  8:10-cv-5-T-33EAJ

PHILLIPS & COHEN ASSOCIATES, LTD.,

      Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff John Renninger's Motion for Award of Attorney Fees and Costs (Doc. # 16), which was filed on June 10, 2010.  Defendant Phillips & Cohen Associates, Ltd. ("P&C") filed a Response in Opposition to the Motion (Doc. # 17) on June 24, 2010. Plaintiff filed a Reply Memorandum (Doc. # 23) on August 3, 2010.  For the reasons that follow, the Court will grant the Motion.

## I.  BACKGROUND

Renninger moves for an award of attorneys' fees and costs as a prevailing party pursuant to the provisions of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692a-k.

On January 4, 2010, Renninger filed an action under the FDCPA, seeking a declaratory judgment that P&C violated the

Act, statutory damages of $1,000.00, and an unspecified amount of actual damages, attorneys' fees, and costs. (Doc. # 1). On March 23, 2010, P&C made an Offer of Judgment, pursuant to Federal Rule of Civil Procedure 68, to settle the case for $1,000.00 plus the reasonable fees and costs accrued as of the date of the Offer. (Doc. # 9). On April 6, 2010, Renninger accepted the Offer of Judgment in the amount of $1,000.00 plus reasonable attorneys' fees and costs. (<u>Id.</u>)

## II.   <u>CALCULATING THE LODESTAR</u>

Pursuant to the FDCPA and the Offer of Judgment, Renninger is entitled to recover his reasonable attorneys' fees and costs incurred in prosecuting this action. In determining reasonable fees, the Court must calculate the lodestar, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988). Once the Court has calculated the lodestar, it may adjust the fee awarded upward or downward based upon other considerations, including (1) the time and labor required; (2) the novelty and difficulty of the issues;

2

(3) the skill required to perform the legal service properly;
(4) the preclusion of other employment due to the attorney's
acceptance of the case; (5) the customary fee; (6) whether the
fee is fixed or contingent; (7) the amount involved and the
results obtained; (8) the experience, reputation, and ability
of the attorneys; (9) the undesirability of the case; (10) the
nature and length of the professional relationship with the
client; and (11) awards in similar cases.  Johnson v. Ga.
Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).

### A.  Reasonable Hourly Rate

To calculate the lodestar in this case, the Court must
determine the reasonable hourly rate that Renninger's
attorneys should have charged.  "A reasonable hourly rate is
the prevailing market rate in the relevant legal community for
similar services by lawyers of reasonably comparable skills,
experience, and reputation."  Norman, 836 F.2d at 1303
(citation omitted).

Renninger bears the burden of producing evidence of the
prevailing market rate, which must "speak to rates actually
billed and paid in similar lawsuits," and may include the
expert opinions of other attorneys.  Id.  To satisfy this
burden, Renninger provided a 2007 consumer law attorney fee
survey, which showed that in Florida, the relevant legal

3

community, consumer law attorneys with between six and ten years of experience command an average rate of $320.00 per hour, while consumer law attorneys with between sixteen and twenty years of experience command an average rate of $338.00 per hour. (Doc. # 16, Exh. 6).

Additionally, in his fee petition, Renninger included the Laffey Matrix, compiled by the Civil Division for the United States Attorney's Office to reflect changing rates charged by attorneys practicing federal law under fee-shifting statutes. (Doc. # 16 at 13). The Matrix shows that for the year 2008 to 2009, paralegals working on such cases commanded $130.00 per hour; attorneys with four to seven years experience commanded $270.00 per hour; and attorneys with eleven to nineteen years experience commanded $410.00 per hour, on average. (Id.) The Court notes the Laffey Matrix reflects rates for civil attorneys trying federal cases across the United States rather than the prevailing market rates in the relevant legal community — Florida.

The Court may use its discretion and expertise to determine an appropriate hourly rate. See Scelta v. Delicatessen Support Servs., 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Upon review of the case law, evidence, and affidavits in support of and in opposition to the Motion, the

4

Court finds the rate of $270.00 per hour for the work completed by attorneys Peter Cozmyk and Matthew Kiverts, who have five and six years of experience, respectively, is reasonable given the complexity of this case and the prevailing market rates for attorneys of similar experience. However, based on these same factors, the Court finds a more reasonable rate for the work completed by Adam Krohn,[1] who has sixteen years of experience, is $338.00 per hour — the prevailing average rate charged by Florida consumer lawyers with similar experience.  Furthermore, based on recent Middle District of Florida precedent, the Court finds $95.00 per hour to be a reasonable rate for paralegal services. <u>See</u> <u>Access for the Disabled, Inc. v. Osceola Enter. of Kissimmee, Inc.</u>, No. 6:09-cv-1805-Orl-31GJK, 2010 U.S. Dist. LEXIS 74056 at *16 (M.D. Fla. July 1, 2010)(rejecting $115.00 per hour as a reasonable fee for paralegal services and finding $95.00 per hour to be reasonable for such services).

**B.  <u>Reasonable Hours Expended</u>**

Next, the Court must determine the number of reasonable hours expended by Krohn, Kiverts, and Cozmyk while working on

---

[1]   The Court notes that the fact that Krohn is not admitted to practice in Florida is irrelevant because he was associated with Kiverts, an attorney who is licensed to practice in Florida.  <u>See</u> Fla. Bar Reg. R. 4-5.5(c)(1)(2010).

this case.   "Fee applicants must exercise . . . 'billing judgment,' that means they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary hours.'"  ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)(quoting Hensley, 461 U.S. at 434).  Thus, fee applicants must exclude hours "that would be unreasonable to bill a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*."  Norman, 836 F.2d at 1301 (emphasis original).  This means that the "measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done."  Id. at 1306.  Exclusions for unnecessary or excessive time expended are left to the discretion of the Court.  See Id. at 1301.

Upon review of the detailed time sheets submitted by Renninger's attorneys, the Court concludes the attorneys did not bill for unnecessary or redundant work, and the time billed was not excessive.  However, the Court notes that in Renninger's calculation of the number hours expended on this case, Plaintiff incorrectly included time billed after March 23, 2010, the effective date of P&C's Offer of Judgment. Based on the time sheets submitted by Renninger's attorneys, the Court calculates the number of hours expended on the case

6

through March 23, 2010, as follows: (1) Adam Krohn billed 3.6 hours for time spent consulting with Renninger, researching the case, and preparing memoranda related to the complaint; (2) Peter Cozmyk billed 0.7 hours for reviewing P&C's settlement offers, discussing them with Renninger, and updating the case file; (3) Matthew Kiverts billed 1.0 hours for reviewing multiple case documents prepared by paralegal staff and corresponding with regard to the case; and (4) the paralegals billed 3.8 hours preparing and filing documents and handling all procedural matters.  The Court finds the total number of hours expended on this case, 9.1 hours, to be necessary and reasonable given the nature of the case and the attorneys' familiarity with the general issues involved.

Moreover, the Court finds P&C's argument that Renninger should not be able to recover for the work completed by paralegals fails because according to the United States Supreme Court, a reasonable attorney's fee does not include only "work performed personally by members of the bar," but must account for the work of support staff that contribute to the work product of the attorney, including that of paralegals. Mo. v. Jenkins, 491 U.S. 274, 285 (1989). Furthermore, P&C's argument that Renninger should not be able to recover for Kiverts' time spent reviewing documents

prepared by paralegals also fails because under the Florida Rules of Professional Conduct, an attorney has a duty "to review and be responsible for the work product" of paralegals, Fla. Bar Reg. R. 4-5.3(c), and Kiverts reasonably spent much of the minimal time he expended on this case fulfilling that duty.

### C.  **Lodestar and Costs Calculation**

Based on the Court's determination of the reasonable rates and hours expended in this case and Renninger's submission of a document reflecting filing and copying costs, the Court calculates the reasonable attorneys' fees and costs as follows:

| | | | | |
|---|---|---|---|---|
| 1. | Matthew Kiverts | 1.0 hrs. x $270.00 = | $ | 270.00 |
| 2. | Peter Cozmyk | 0.7 hrs. x $270.00 = | $ | 189.00 |
| 3. | Adam Krohn | 3.6 hrs. x $338.00 = | $1,216.80 | |
| 4. | Paralegals | 3.8 hrs. x $ 95.00 = | $ | 342.00 |
| 5. | Filing Fees | | $ | 350.00 |
| 6. | Copies | | $ | 11.61 |
| | Total | | $2,379.41 | |

Although in some cases, the award of attorneys' fees may be reduced in proportion to the damages obtained, the Court

8

finds that in consumer protection actions such as this case, attorneys' fees need not necessarily be awarded in proportion to the damages recovered.[2]   With that in mind, the Court declines to reduce the attorneys' fees in this case to be commensurate with Renninger's $1,000 recovery.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Plaintiff's Motion for Attorney Fees and Costs (Doc. # 16) is **GRANTED** in the amount of $2,379.41.

**DONE AND ORDERED** at Tampa, Florida, this <u>18th</u> day of August, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[2] <u>See</u> <u>Homa v. Am. Express Co.</u>, 558 F.3d 225, 234 (3d Cir. 2009)(finding award of attorney's fees need not be proportionate to damages recovered in consumer fraud action); <u>Williams v. First Gov't Mortgage & Investors Corp.</u>, 225 F.3d 738, 747 (D.C. Cir. 2000)(declining to read a "rule of proportionality" into the District of Columbia Consumer Protection Procedures Act); <u>Yohay v. City of Alexandria Employees Credit Union Inc.</u>, 827 F.2d 967, 974 (4th Cir. 1987)(reasoning that since "there will rarely be extensive damages in a [consumer protection action], requiring that attorney's fees be proportionate to the amount recovered would discourage vigorous enforcement of the [consumer protection statute]").